Filed 9/24/20  P. v. Horstman CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY PAUL HORSTMAN,<br><br>        Defendant and Appellant. | A159732<br><br>(Solano County<br>Super. Ct. No. FC30086) |

Defendant Jeffrey Paul Horstman[1] appeals from an order denying his petition to vacate his conviction and to be resentenced pursuant to Penal Code section 1170.95.[2]  His court-appointed counsel has filed a brief raising no issues and seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  The brief includes counsel's declaration stating that he informed defendant of his intent to file a *Wende* brief on his behalf, that he mailed a copy of the brief to defendant, and that

---

[1]     The trial court paperwork (indictment, minute orders, probation report, abstract) and California Department of Corrections and Rehabilitation paperwork spell defendant's first name as "Jeffrey," but his name is also spelled "Jeffery" in the record provided to us and in his brief, with no explanation concerning the spelling discrepancy.  For clarity, we have adopted usage of the spelling "Jeffrey" in this opinion.

[2]     All subsequent statutory references are to the Penal Code.

1

he apprised defendant of his right to file a supplemental brief within 30 days of the *Wende* brief filing. Defendant did not subsequently file a supplemental brief. Having independently reviewed the record, we conclude there are no reasonably arguable issues requiring further review. We affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1991, a grand jury returned an indictment charging defendant with murder (§ 187, subd. (a)) and an enhancement for personally using a knife (§ 12022, subd. (b)). It was further alleged that defendant committed the murder while engaged in the commission of a robbery. (§ 190.2, subd. (a)(17).) Defendant pled no contest to first degree murder and admitted the knife use enhancement in exchange for the dismissal of the special circumstance allegation and a 26-to-life sentence. He was sentenced to a term of 25-to-life for the murder count, plus a consecutive one-year term for the knife enhancement.

In short, the facts underlying the offense in this case are as follows. Defendant was with his girlfriend and their two-year old child near a shopping center. They asked the victim, Farrell Franklin Crone, for a ride and the victim agreed. While the victim was driving, defendant grabbed him, told him to get out of the car, and a struggle ensued. Eventually, the victim got out of the car, only to collapse in an empty field and die within minutes from a stab wound to his chest. Defendant told people that he stabbed the victim. At the time, defendant was under the influence of alcohol and drugs.

In 2019, defendant filed a form petition for resentencing pursuant to recently enacted section 1170.95. In his petition, defendant checked boxes indicating: a charging document was filed against him allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he pled guilty or no contest to

2

first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder due to the changes to sections 188 and 189 effective January 1, 2019. Defendant additionally checked boxes requesting counsel and stating there was a prior determination by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life under section 190.2, subdivision (d).

Attached to the petition were defendant's abstract of judgment, and a psychological evaluation dated June 1991. The psychological evaluation was procured by defendant's former attorney while defendant was awaiting trial. The evaluation documented that defendant reported a period of severe substance abuse around the time of the offense, a general history of substance abuse, and previously stealing a car and stabbing people " 'in self-defense.' " The psychologist stated his preliminary examination of defendant suggested defendant acted out of substance-induced paranoia, and defendant did not appear to initiate contact with the victim intending to steal the car. The psychologist expressed doubt about defendant's capacity to form an intent to kill based on "the level of reported drug use" and "the apparent existence of some delusional material."

The trial court appointed counsel for defendant. The Solano County District Attorney filed opposition, arguing defendant was ineligible for resentencing under section 1170.95 because he was the actual killer. Defendant filed reply papers admitting he was the actual killer, but he argued that documents from the 1991 proceedings showed the People could not have proved either express or implied malice beyond a reasonable doubt.

3

He claimed the evidence that he was under the influence of alcohol and drugs at the time of the offense could have supported a then-existing voluntary intoxication defense to express and implied malice.

At the hearing on the petition, the deputy district attorney argued defendant was ineligible for resentencing under section 1170.95. Without tendering any specific arguments, defendant's attorney stated that defendant arguably might still be eligible for relief despite the fact he was the actual killer. The trial court denied the petition, finding that defendant failed to state a prima facie case for relief under section 1170.95.

## DISCUSSION

Section 1170.95 was enacted as part of Senate Bill No. 1437 (SB 1437), which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 accomplished this through amendments to sections 188 and 189. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Specifically, SB 1437 amended the definition of "malice" in section 188 to read: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) SB 1437 also amended the felony murder rule in section 189 to provide that a participant in the perpetration or attempted perpetration of an enumerated felony resulting in death is liable for murder only if one of the following is proven: "(1) The person was the actual killer. [¶] (2) The person was not the

4

actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e) (1); Stats. 2018, ch. 1015, § 3.)

Further, SB 1437 added section 1170.95, which allows defendants convicted of murder to seek retroactive relief if SB 1437's changes in the law would affect their previously sustained convictions. As relevant here, section 1170.95 provides that "[a] person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95.)

Here, defendant fails to show he could not now be convicted because of the changes SB 1437 made to sections 188 or 189. Defendant was the actual killer. He stabbed the victim in the chest with a knife, piercing the victim's lung and killing him. Defendant argued that he possibly had a defense to negate malice via voluntary intoxication. Regardless of whether that is true,

5

by no stretch of the imagination is it possible to say that defendant "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) Defendant offers nothing supporting a contrary conclusion.[3] (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "].) We thus affirm the order denying defendant's resentencing petition.[4]

---

[3]     We note and acknowledge the Supreme Court has granted review in *People v. Lewis* (2020) 43 Cal.App.5th 1128 and will address, in part, whether trial courts may "consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95[.]" (*People v. Lewis*, review granted Mar. 18, 2020, S260598.) Defendant here never argued below that the trial court could not or should not consider the record of conviction in evaluating whether he stated a prima facie case; nor does he raise that argument on appeal. To the contrary, he relied on documents from his underlying proceeding in seeking relief. As such, he has forfeited his opportunity to argue that the trial court should not have considered his record of conviction in evaluating whether he stated a prima facie case.

[4]     Finally, we acknowledge a recently published opinion, which is not yet final, holds that "the procedures set forth in *Wende* do not apply to appeals from the denial of postconviction relief," that we have "no independent duty to review the record for reasonably arguable issues," and that when a defendant fails to file a supplemental brief, "the Court of Appeal *may* dismiss the appeal as abandoned." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1024, 1028.) We agree that dismissal is discretionary and exercise our discretion to conduct an independent *Wende* review here. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8; *People v. Flores* (Sept. 3, 2020, G058486) ___ Cal.App.5th ___ [2020 Cal. App. LEXIS 839].)

## DISPOSITION

The order denying the petition for resentencing pursuant to section 1170.95 is affirmed.

_____

FUJISAKI, J.

We concur.


_____

SIGGINS,  P.J.



_____

JACKSON, J.



(A159732)